**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAREN MOREY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> McDONALD'S CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) | <br><br><br><br><br>Case No. 18 cv 1137<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Maria G. Valdez |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order, and the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.      **Scope**. All documents, materials and information produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom shall be subject to this Order concerning "Confidential Information and Documents" and "Highly Confidential: Attorney's Eyes Only Information and Documents" as defined below. For purposes of this Order, the term "party" includes the parties to this case and all third parties who have received subpoenas. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information and Documents**. As used in this Order, "Confidential Information and Documents" means information and documents designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that fall within one or more of the following categories: (a) information and documents prohibited from

disclosure by statute; (b) information and documents that reveal trade secrets and other proprietary information; (c) research, technical, commercial or financial information and documents that the party has maintained as confidential; (d) medical information and documents concerning any individual; (e) personal identity information and documents; (f) income tax returns and information (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records and information of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information and Documents. "Highly Confidential: Attorney's Eyes Only Information and Documents" means information designated as "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER" by the producing party that contains extremely sensitive "Confidential Information," disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER. However, the fact that information or documents are listed in this order is not a waiver of a party's objections to the production or disclosure of such information or documents or an agreement to produce such material absent a further order of this Court.

    3.    **Designation of Documents**.

        a.    A party may designate a document as Confidential Information and Documents for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "documents" includes documents of

any kind and any electronically stored information of any kind; "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information and Documents are not required to be marked. All material designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" that is not reduced to tangible or physical form or that cannot be conveniently marked in the manner set forth above shall be designated by the producing party by informing the receiving party of the designation in writing.

  b.  The designation of a document as Confidential Information and Documents or Highly Confidential Information and Documents-Attorney's Eyes Only is

a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Highly Confidential-Attorney's Eyes Only Information as defined in this order.

4. **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken and all deposition exhibits in this case shall be treated as Confidential Information and Documents until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony and exhibits that are designated Confidential Information and Documents or Highly Confidential-Attorney's Eyes Only Information and Documents, and thereafter only those portions of the testimony, transcript and exhibits identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition, portion of the transcript, and exhibit as Confidential Information and Documents or as Highly Confidential-Attorney's Eyes Only Information and Documents, unless otherwise ordered by the Court.

5. **Protection of Confidential Material**.

a. General Protections. Confidential Information and Documents shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in prosecuting, defending or attempting to settle this litigation, including any appeal thereof. Confidential Information and Documents may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class including the putative member has

been certified. Confidential Information and Documents must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      b.      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information and Documents to any third person or entity except as set forth in this paragraph. Subject to these requirements, the categories of persons in subparagraphs (i) through (ix) may be allowed to review Confidential Information and Documents designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and the categories of persons in subparagraphs (i), (iii), (vii), (viii) and (ix) may be allowed to review Confidential Information and Documents designated as "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER":

      i.      Counsel. Counsel for the parties, including in-house counsel, and employees of counsel who have responsibility for the action;

      ii.      Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      iii.      The Court and its personnel;

      iv.      Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

      v.      Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

      vi.      Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

      vii.      Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary may review Confidential Information and Documents designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and

Agreement to Be Bound. Witnesses at depositions may review Confidential Information and Documents designated as "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY-SUBJECT TO PROTECTIVE ORDER" only by agreement of the parties, which shall not be unreasonably withheld, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information and Documents pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    ix. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

   c. Control of Documents and Information. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Documents. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

  6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document or information as Confidential Information and Documents does not, standing alone, waive the right to so designate the information or document. If a party inadvertently produces confidential information or documents without designating it Confidential Information and Documents, that party shall promptly upon discovery (a) demand the return of the inadvertently produced material and (b) furnish a properly marked substitute copy; the receiving party shall comply with the demand for return of the material upon receipt of the properly marked substitute copy. If a party designates a document as Confidential Information and Documents after it was initially produced, the receiving party, on notification of the designation, must make a reasonable

effort to assure that the document or information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material after the expiration of the time to designate it as Confidential Information and Documents during a time when that material has not been designated Confidential Information and Documents, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information and Documents.

7. **Other Redactions**. Nothing in this Order precludes the parties from making redactions for privilege or other legal reasons before documents are produced.

8. **Filing of Confidential Information and Documents**. Before filing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" material or discussing or referring to such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" designation, whether the material can be redacted, or whether a motion to seal pursuant to LR 26.2 is warranted. If the parties cannot agree on the handling of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" material in court filings, then the party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record. This Order does not, by itself, authorize the filing of any document or information under seal. Any party wishing to file or discuss or refer to a document or information designated as Confidential

Information or Documents in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. **No Greater Protection of Specific Documents and Information**. Except on privilege grounds or for other legal reasons not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges by a Party to Designation as Confidential Information and Documents**. The designation of any material or document as Confidential Information and Documents is subject to challenge by any party. The following procedure shall apply to any such challenge.

   a. Meet and Confer. A party challenging the designation of Confidential Information and Documents must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

   b. Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge

proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information and Documents under the terms of this Order.

11. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information and Documents shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of information or documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Hearing or Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Documents at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Documents or Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

13. **Confidential Information or Documents Subpoenaed or Ordered Produced in Other Litigation**.

    a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Documents, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and Documents in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and Documents, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Documents produced by the other party to this case.

14. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular information or documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. **Obligations on Conclusion of Litigation**.

a. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.  Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return and the party who destroys the document certifies to the producing party that it has done so; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c.  Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information and Documents so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information and Documents shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information and Documents.

d.  Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information and Documents by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 1/18/2019

_____
Joan H. Lefkow
United States District Judge

| | |
|---|---|
| WE SO MOVE and agree to abide by the terms of this Order | WE SO MOVE and agree to abide by the terms of this Order |
| _____ Signature | _____ Signature |
| _____ Printed Name | _____ Printed Name |
| Counsel for Plaintiff Karen Morey | Counsel for Defendants McDonald's Corporation and McDonald's USA, LLC |
| Dated:_____ | Dated:_____ |

Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN MOREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  18 cv 1137 |
| | ) | |
| McDONALD'S CORPORATION, *et al.*, | ) | Judge Joan H. Lefkow |
| | ) | Magistrate Judge Maria G. Valdez |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order dated January __, 2019, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials and information designated as Confidential Information Documents in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information and Documents to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____
_____

Date:_____  _____
                                          Signature

#62838645_v1